# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

16-31173
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

BRIDGETTE MCCOY,

      Plaintiff – Appellant

v.

HOUSING AUTHORITY OF NEW ORLEANS, officially; HOUSING
AUTHORITY OF NEW ORLEANS POLICE DEPARTMENT, officially;
SILAS PHIPPS, JR., officially and individually; NEW ORLEANS ESTATE,
officially; ODEAL SKID-MORE DAVIS, officially and individually; JAMES A.
RYAN, III & ASSOCIATES, L.L.C., officially; JEFFREY A. CLAYMAN,
officially and individually,

      Defendants – Appellees.

————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-398

————————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

    Bridgette McCoy, a public housing resident, brought suit against
multiple defendants associated with her public housing complex. She alleges
due process claims under 42 U.S.C. § 1983 and numerous state law claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-31173

including abuse of process, malicious prosecution, and conspiracy. Finding McCoy's appeal without merit, we AFFIRM.[1]

I.

At all times relevant to this litigation, McCoy resided in a public housing unit in a housing complex known as Abundance Square Apartments, or The Estates. In October 2002, Abundance Square Associates leased the site of The Estates from the Housing Authority of New Orleans ("HANO") and retained Interstate Realty Management Company ("IRMC") to manage the public housing units. After fighting with another resident, McCoy was arrested for public drunkenness and disturbing the peace. As a result, Ms. Odeal Skidmore-Davis, the general manager of IRMC, initiated a Rule of Possession, or eviction proceeding, against McCoy with the aid of IRMC's counsel, Jeffrey A. Clayman and James Ryan III & Associates, L.L.C. The Rule of Possession was granted but then reversed by the Louisiana Fourth Circuit Court of Appeal for lack of sufficient evidence.

Consequently, McCoy initiated her action on February 9, 2015 against HANO; the Housing Authority of New Orleans Police Department ("HANO PD"); Officer Silas Phipps, an officer of HANO PD who responded to the fight between McCoy and her neighbor and arrested McCoy; the New Orleans Estate; Odeal Skidmore-Davis; and Jeffrey A. Clayman and James Ryan III & Associates, L.L.C.[2] McCoy alleges due process violations pursuant to 42 U.S.C. § 1983 and state law claims of abuse of process, malicious prosecution, and

---

[1] McCoy also brings several requests for sanctions. Because we affirm in favor of Defendants, all motions and requests for sanctions are denied.

[2] On December 17, 2015, the district court granted in part and denied in part a motion to dismiss filed by Defendants Clayman and James Ryan III & Associates, L.L.C. After McCoy failed to file an amended complaint, which the Court had granted her leave to do, the Court dismissed with prejudice Defendants Clayman and James Ryan III & Associates, L.L.C. on January 20, 2016. McCoy does not appear to challenge this dismissal on appeal.

No. 16-31173

conspiracy, among others. On May 24, 2016, the district court granted summary judgment in favor of Defendants HANO PD and Officer Phipps. And, on September 2, 2016, the district court granted summary judgment in favor of HANO. On October 11, 2016, this case proceeded to trial solely against Defendant Skidmore-Davis. On October 12, 2016, the jury returned a verdict in favor of Defendant Skidmore-Davis on all claims.

McCoy timely appealed, raising the following challenges: (1) The district court erred in dismissing the Estate of New Orleans; (2) The district court erred in granting summary judgment, in two separate opinions, in favor of HANO PD, Officer Phipps, and HANO; and (3) The district court abused its direction in providing erroneous instructions to the jury. We affirm.

II.

Beginning with McCoy's first claim, she argues that the district court violated her "constitutional right" by dismissing her claims against the Estate of New Orleans. Although McCoy does not elaborate much further on this argument, we assume that she takes aim at the district court's dismissal of the Estate of New Orleans for failure to prosecute. Specifically, on June 15, 2015, the district court, having determined that McCoy failed to serve the Estate of New Orleans, ordered McCoy to show cause as to why her claims should not be dismissed for failure to prosecute. McCoy failed to comply with this order, and over a year later, the district court dismissed the Estate of New Orleans. We review such dismissals for an abuse of discretion.[3] The district court gave McCoy over a year to comply with its show cause order. We therefore find no basis to disturb the district court's dismissal of the Estate of New Orleans.

---

[3] *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006).

No. 16-31173

III.

Next, we review McCoy's claim that the district court erred when it granted summary judgment, in two separate opinions, in favor of HANO PD, Officer Phipps, and HANO. "We review a grant of summary judgment *de novo*, applying the same standard as the district court."[4] Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.[5] On summary judgment, a court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor.[6] To survive summary judgment, the non-movant must supply evidence "such that a reasonable jury could return a verdict for the nonmoving party."[7]

The district court, in granting summary judgment to HANO PD and Officer Phipps, first concluded that qualified immunity barred McCoy's § 1983 claims. Specifically, the district court determined that Officer Phipps had probable cause to arrest McCoy for fighting and, even if he did not, his actions were reasonable.[8] Similarly, the district granted summary judgment to HANO, concluding that HANO cannot be vicariously liable under § 1983. Additionally, the district court determined that HANO did not deprive McCoy of any property rights because HANO never ceased providing rent subsidies to McCoy.[9]

---

[4] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).

[5] FED. R. CIV. P. 56(a).

[6] *Tolan v. Cotton*, 134 S. Ct. 1861, 1866, 1868 (2014).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] That finding then defeated McCoy's state law claims of abuse of process, malicious prosecution, negligence, and conspiracy, all of which turned on Officer Phipps's actions.

[9] The district court additionally disposed of McCoy's state law claims, finding that McCoy testified that HANO was not involved in a conspiracy; that HANO did not violate 29 C.F.R. § 966.54, which allows a tenant to submit an informal grievance; that HANO did not terminate McCoy's rent subsidies and thus did not violate VAWA; that HANO was not involved in the eviction and thus not liable for abuse of process; and that HANO cannot be vicariously liable for malicious prosecution.

No. 16-31173

It is unclear what summary judgment findings McCoy challenges on appeal. Under the heading "Summary Judgments," McCoy states:

> Appellant maintains that, Silas Phipps, Jr., who had no personal knowledge of the incidents, fabricated, and filed falsified documents which aided and abetted James Ryan III and Odeal Skidmore-Davis alleged notice. Plaintiff was never provided a notice of infraction of the lease agreement or apprised of her right to file a grievance in contravention of CFR 24 part 966.50 et seq. or as stipulated in the lease agreement. Under Louisiana Revised Statute 14:133 pursuant to its authority declares filing of false document in official record a crime. . . . Salis [sic] Phipps Jr. admitted that, he did not witness the fight . . . [a]ll defendants knew or should have known that Bridgette McCoy was released from the charges made by Silas Phipps, Jr. by the Municipal court on June 26, 2014. Nevertheless, James Ryan III and Odeal Skidmore-Davis proceeded with filing of their Rule for Possession against McCoy with the assistant [sic] of Silas Phipps, Jr. as a witness.
>
> . . .
>
> James Ryan III took an affidavit from Demetria Carter on February 29, 2016, which is totally contradictory to her admission in Municipal Court report. This sham affidavit accompanied with Stafford Brady affidavit, a paramour lover living illegally without the approval of Housing Authority of New Orleans is also a fabrication of the facts.

McCoy appears to challenge the district court's finding that Officer Phipps had probable cause for her arrest, arguing that the eviction proceeding should not have occurred because Officer Phipps's arrest led to no charges. That argument is of no legal consequence. To the extent that McCoy challenges the district court's finding of qualified immunity, it is well established that a "plaintiff must clear a significant hurdle to defeat qualified immunity. . . . There must not even 'arguably' be probable cause for the . . . arrest for

No. 16-31173

immunity to be lost."[10] In other words, "if a reasonable officer could have concluded that there was probable cause upon the facts then available to him, qualified immunity will apply."[11] Because that is the case we have here, we find no error.[12]

## IV.

Lastly, McCoy argues that the district court abused its discretion in its instruction to the jury. Although this issue is likely unpreserved and before us on plain error, we review the propriety of jury instructions for abuse of discretion, asking "whether the charge, as a whole, is a correct statement of law."[13] McCoy claims that the district court "rejected the instruction of counsel, and instructed the jury if they could not find fault on one claim, then they could not find fault on any claims." Additionally, McCoy argues that "[d]uring deliberation the jury had questioned [sic] for the judge, and based on the instruction they return [sic] a verdict in favor of Odeal Skidmore-Davis that no violations was [sic] committed on any of [her] claims." Finally, McCoy claims that she "perceived the judge to be bias and prejudice against her because her ruling was contradictory to her constitutional, statutory, and legal rights."

The record does not support any of the above assertions. The verdict form required the jury to make a determination of fault on each of the five claims

---

[10] *Brown v. Lynford*, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotation marks omitted).

[11] *Id.* ("Qualified immunity 'gives ample room for mistaken judgments.'") (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

[12] Separately, McCoy alleges that the district court "abused its discretion in compelling Ms. McCoy, and allowing defendants to conceal or fail to disclose discoverable information." We understand McCoy to be upset with the district court's decision to rule on summary judgment without permitting additional discovery. We find no error here; the district court correctly determined that sufficient discovery had been completed, particularly given that McCoy had over a year to complete discovery before Defendants filed dispositive motions.

[13] *United States v. Cessa*, 785 F.3d 165, 185 (5th Cir. 2015) (internal quotation marks omitted).

No. 16-31173

lodged against Defendant Skidmore-Davis. Additionally, the jury submitted three questions to the court during deliberations. McCoy does not identify which question, and subsequent instruction, led to the above-stated error. Our review indicates none. Lastly, McCoy does not point to any portion of the record to support her allegations of judicial bias. Accordingly, the district court did not abuse its discretion here.[14]

V.

For the above reasons, we affirm the district court.

---

[14] Under the heading "Abuse of Discretion," McCoy raises additional general arguments concerning several of the district court's actions, including assigning credibility to Officer Phipps, rejecting McCoy's arguments to take judicial notice of the Fourth Circuit Court of Appeal decision that reversed the eviction, denying McCoy's right to amend her complaint, denying McCoy's motion to compel discovery, and imposing sanctions on McCoy's counsel. To the extent these arguments are not addressed by our analysis affirming summary judgment, we deem them waived due to inadequate briefing. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).